UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE ESTATE OF MEGAN MOORE, BY AND THROUGH ITS ADMINISTRATOR AD PROSEQUENDUM, CHRISTINE B. MOORE AND BENJAMIN MOORE AND HOLLI MOORE, PARENTS OF MEGAN MOORE, IN THEIR OWN RIGHTS, | CIVIL ACTION |
| Plaintiffs, | INDEX NO. |
| v. | |
| CUMBERLAND COUNTY, WARDEN RICHARD T. SMITH, IN HIS INDIVIDUAL CAPACITY, FORMER WARDEN ROBERT BALICKI, IN HIS INDIVIDUAL CAPACITY, JOHN DOE CORRECTIONS OFFICERS (1-10, Fictitious individuals,) IN THEIR, INDIVIDUAL CAPACITIES AND CFG HEALTH SYSTEMS, LLC, Defendants. | COMPLAINT |

NOW COME, Plaintiffs, by and through the undersigned counsel, and hereby bring this Complaint against Defendants as follows:

## INTRODUCTORY STATEMENT

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law that deprived Plaintiff/Decedent of her rights secured by the Constitution and laws of the United States of America.

2. In particular on February 20, 2017, Defendants violated the rights of Megan Moore by failing to keep her in a safe and secure environment where she could be kept free from injury, harm, or death, and by failing to provide her with adequate medical care and attention, in violation of the Eighth Amendment to the United States Constitution.

3. In addition, this action is brought by Plaintiffs against Defendants under the New Jersey common tort of negligence, as well as the New Jersey Civil Rights Act.

## JURISDICTION AND VENUE

4. Plaintiffs' case arises under the Constitution and laws of the United States, specifically, the Eighth and Fourteenth Amendments to the United States Constitution.

5. Plaintiffs' suit is authorized by 42 U.S.C. § 1983 (allowing suit to correct constitutional violations) and 42 U.S.C. § 1988 (providing for attorney fees and litigation expense-awards).

6. This Court has jurisdiction over Plaintiffs' federal constitutional claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3).

7. This case also arises under the common law and the statutory law of the State of New Jersey.

8. This Court has pendant jurisdiction over Plaintiffs' state law claims under 28 U.S.C.§1367.

9. Venue is proper under 28 U.S.C. § 1391 in that upon information and belief the incident took place in or around the County of Cumberland, State of New Jersey and the individual Defendants reside in or around the County of Cumberland, State of New Jersey.

## PARTIES

10. Plaintiff, Christine B. Moore, the grandmother of the decedent, Megan Moore, is the duly appointed Administrator ad Prosequendum for the Estate of Megan Moore. Plaintiffs, Benjamin Moore and Holli Moore, are the parents of the decedent, Megan Moore.

11. Defendant Cumberland County is a government entity incorporated in of the State of New Jersey and is defined as a citizen of the State of New Jersey for purposes of litigation which owns, operates, manages, directs and controls the Cumberland County Depaiiment of Con-ections, which employs the other named and unnamed Defendants herein. The Cumberland County Administration Building is located at 790 East Commerce Street, Bridgeton, New Jersey 08302.

12. Upon information and belief, CFG Health Systems, LLC, ("CFG"), with corporate offices located at 765 East Route 40, Building A-101, Marlton, New Jersey 08053, contractually provides health care services to inmates at the Cumberland County Jail.

13. Defendant Richard T. Smith, at all times material hereto, is the Warden of the Cumberland County Jail, located at 54 W. Broad Street, Bridgeton, New Jersey 08302. Defendant Smith currently serving as Warden of the Cumberland County Jail is sued in his individual capacity.

14. Defendant Robert Balicki, at times relevant hereto, was the Warden of the Cumberland County Jail, located at 54 W. Broad Street, Bridgeton, New Jersey 08302. Upon information and belief Defendant Balicki served as Warden of the Cumberland County Jail with full authority until February 1, 2017 when he retired. Defendant Balicki is sued in his individual capacity.

15. At all times relevant hereto, Defendants, John Doe Corrections Officers 1-10, are fictitious names of unnamed con-ections officers, employed with the Cumberland County Department of Corrections located at 54 Broad Street, Bridgeton, New Jersey 08302, who were at all times material hereto acting within the course and scope of their employment under the supervision, direction and control of the Cumberland County Department of Corrections and Warden Richard T. Smith. Defendants John Doe Corrections Officers 1-10 are sued under their individual capacities.

## FACTUAL ALLEGATIONS

16. Prior to February 20, 2017, Megan Moore was incarcerated at the Cumberland County Jail.

17. Upon information and belief, upon the booking of Megan Moore in the Cumberland County Jail, Defendants John Doe Corrections Officers 1-10, and representatives of CFG were charged with the duty diligently and faithfully carry out the functions of their respective jobs, training and skills and obligation to screen Ms. Moore not only for any physical problems, but also to determine if Ms. Moore presented a risk for any psychological and/or emotional problems, including suicide.

18. At all relevant times hereto, the individually named the Defendants and the John Doe Corrections Officers 1-10, Defendants, had a legal duty to maintain a safe and suitable environment wherein Megan Moore could be kept from injury, harm and death.

19. Upon information and belief, on February 20, 2017, Megan Moore was discovered "hanging" in her jail cell at the Cumberland County Jail by another inmate.

20. Upon information and belief, Defendants, John Doe Corrections Officers 1-10, and representatives of Defendant CFG failed to properly screen Megan Moore for any suicidal tendencies or any other psychological and/or emotional problems and, also failed to properly monitor Ms. Moore during her incarceration. In doing so, the Defendants breached their legal duty to maintain a safe and suitable environment, and failed to properly keep Megan Moore safe from injury and harm, thus causing Megan Moore's death.

21. In the events described above, Defendants, John Doe Corrections Officers 1-10 acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Megan Moore of her rights, privileges, and immunities secured by the Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

22. The above-described acts and omissions by Defendants, John Doe Corrections Officers 1-10, and representatives of CFG demonstrated a deliberate indifference and conscious disregard for the psychological needs and overall safety of Megan Moore, of which they were aware, or with the exercise of reasonable and appropriate care pursuant to their respective responsibilities should have been aware.

## FIRST CLAIM FOR RELIEF

### LIABILITY FOR THE COUNTY AND DEFENDANTS SMITH AND BALICKI FOR FEDERAL CONSTITUTIONAL VIOLATIONS

23. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

24. Defendants, Cumberland County, by and through Defendants, Smith and Balicki and other policymakers, developed and/or tolerated and condoned directly or tacitly, policies, practices, procedures, customs, which caused the deprivation of decedent Megan Moore's constitutional rights.

25. Said policies, practices, procedures and/or customs were inherently deficient and insufficient, which caused the death of Megan Moore.

26. Defendant Cumberland County, by and through Defendants Smith and Balicki and other administrators, and policymakers, negligently, recklessly, and/or intentionally:

   a. Failed to properly train and supervise Defendants John Doe Corrections Officers 1-10 with regard to adequately screening inmates for suicidal tendencies or other psychological and/or emotional problems;

    b.    Failed to propertly train and supervise Defendants John Doe Conections Officers 1-10 to adequately supervise and monitor inmates;

    c.    Failed to properly train and supervise Defendants, John Doe Conections Officers 1-10 to maintain a safe and suitable environment, and to keep inmates safe from injury, harm or death;

    d.    Engaged, maintained and/or tolerated policies, practices, procedures and/or customs that were deliberately indifferent to the constitutional rights of inmates to be adequately screened for suicidal tendencies or other psychological and/or emotional problems; to be adequately monitored; and to be kept safe from injury, harm or death.

27.    The deliberate indifference of Defendant Cumberland County and Defendants Smith and Balicki, to the needs, safety and protection of inmates under their care, custody and control, as illustrated above, was the proximate cause of the constitutional violations suffered by the decedent, Megan Moore.

28.    The violation of Megan Moore's rights under the United States Constitution was the proximate cause of damage to Decedent, thereby entitling Decedent to compensatory damages from Defendants Cumberland County, Smith and Balicki, in an amount exceeding $1,000,000.00.

**WHEREFORE,** the Plaintiffs, Christine B. Moore, on behalf of the Estate of Megan Moore, and Benjamin Moore and Holli Moore in their own rights, demand judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## SECOND CLAIM FOR RELIEF

## LIABILITY FOR DEFENDANTS, JOHN DOE CORRECTIONS OFFICERS 1 - 10 FOR FEDERAL CONSTITUTIONAL VIOLATIONS

29. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

30. At all times material hereto, Defendants John Doe Corrections Officers 1-10 were acting under color of state law as employees of Cumberland County and the Cumberland County Department of Corrections.

31. The actions of Defendants John Doe Corrections Officers 1-10, as set forth above, violated the late Megan Moore's rights under the Eighth and Fourteenth Amendments to be incarcerated in a safe and suitable environment, and to be safe from injury, harm or death while in custody at the Cumberland County Jail.

32. The violations of Megan Moore's rights under the United States Constitution, while in the custody and control of Defendants, proximately caused her death, thereby entitling Plaintiffs to compensatory damages from John Doe Corrections Officers 1-10 in their individual capacities in an amount exceeding $1,000,000.

33. The actions of Defendants, John Doe Corrections Officers 1-10 in their individual capacities were of an intentional, malicious, willful, wanton, and/or reckless disregard of Decedent's federally protected rights, thereby entitling Plaintiffs to an award of punitive damages.

34. Plaintiffs are entitled to recover reasonable attorney's fees and the costs and expenses of this action.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendants, and each of them, for compensatory and punitive damages, counsel fees, and all costs of suit.

## THIRD CLAIM FOR RELIEF

### SUPERVISORY LIABILITY OF DEFENDANTS SMITH AND BALICKI UNDER 42 U.S.C. § 1983

35. The allegations set forth in the preceding paragraphs are incorporated by reference as is fully set forth herein.

36. At all times relevant hereto, Defendant, Smith served as Warden of the Cumberland County Jail, in Bridgeton, New Jersey.

37. Plaintiffs are informed, believe and therefore allege that on or about February 20, 2017, Defendant Smith was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference on the part of the Corrections Officers and Command Staff under his control and supervision at the Cumberland County Jail, including but not limited to, the failure to properly screen inmates for suicidal tendencies, and/or other psychological or emotional problems, failure to adequately monitor and watch inmates, and failure to protect inmates from injury, harm or death.

38. As such, Defendant Smith not only directed, encouraged, tolerated, and/or acquiesced to this behavior, but was deliberately indifferent to the likelihood that his staff, employees and/or corrections officers would fail to properly screen inmates for suicidal tendencies or other psychological or emotional problems, failed to adequately monitor inmates, and failed to protect inmates from injury, harm or death at the Cumberland County Jail.

39. The deliberate indifference of Defendant, Smith of the need for proper and adequate vetting and supervision of inmates by his staff, employees and/or Corrections Officers was the proximate cause of the constitutional violations suffered by the decedent Megan Moore.

40. The violations of Megan Moore's rights under the United States Constitution was the proximate cause of her death, thereby entitling Plaintiffs to compensatory damages from Defendant Smith in an amount exceeding $1,000,000.

41. At all times relevant hereto, Defendant Balicki was the former Warden of the Cumberland County Jail, in Bridgeton, New Jersey.

42. Plaintiffs are informed, believe and therefore allege that Defendant Balicki, having only retired and/or resigned as Warden of the Cumberland County Jail on February 1, 2017, was responsible for the implementation of policies, procedures and/or practices that were engaged and carried out by the staff, employees, and/or Corrections Officers of the Cumberland County Jail and accordingly was aware of, should have been aware of, and/or had actual knowledge of the pattern and culture of unconstitutional behavior and indifference, including the failure to properly screen inmates for suicidal tendencies, or other psychological or emotional problems, the failure to adequately monitor and supervise inmates, and the failure to protect inmates from injury, harm or death.

43. The deliberate indifference of Defendant Balicki of the need for proper and adequate vetting and supervision of inmates by the staff, employees and/or corrections officers was the proximate cause of the constitutional violations suffered by the Decedent, Megan Moore.

44. The violation of Megan Moore's rights under the United States Constitution was the proximate cause of her death, thereby entitling Plaintiffs to compensatory damages from Defendant Balicki in an amount exceeding $1,000,000.

**WHEREFORE,** the Plaintiffs demand judgment against Defendants Smith and Balicki for compensatory and punitive damages, counsel fees and all costs of suit.

## FOURTH CLAIM FOR RELIEF

### VIOLATION OF NEW JERSEY CIVIL RIGHTS ACT, N.J.S.A. 10:6-1, et seq. DEFENDANTS CUMBERLAND COUNTY, WARDEN ROBERT BALICKI, FORMER WARDEN ROBERT BALICKI, JOHN DOE CORRECTIONS OFFICERS 1-10

45. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

46. Defendants John Doe Corrections Offices 1-10 were acting under color of law when they failed to properly screen decedent, Megan Moore, for suicidal tendencies and/or psychological or emotional" problems, failed to adequately monitor and guard Megan Moore while she was incarcerated at the Cumberland County Jail and failed to protect Ms. Moore from injury, harm or death.

47. The Defendants Cumberland County, Richard T. Smith and Robert Balicki failed to adequately train staff, employees, and corrections officers, or otherwise have and maintain effective policies, practices and procedures regarding the screening of inmates for suicidal tendencies or other psychological or emotional problems, the adequate monitoring of inmates, the protection of inmates from injury or harm and the necessary qualified quick response protocols to prevent the death of inmates who are housed at the Cumberland County Jail.

48. The Defendants Cumberland County, Richard T. Smith and Robert Balicki were deliberately indifferent to the likelihood that Cumberland County staff, employees and/or corrections officers, including Defendants John Doe C01Tections Officer 1-10, would fail to properly screen or vet inmates for suicidal tendencies or other psychological and emotional problems, fail to adequately monitor inmates, and fail to protect inmates from injury, harm or death at the Cumberland County Jail.

**WHEREFORE,** Plaintiffs state a cause of action under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2 for which they demand judgment against the Defendants for compensatory and punitive damages, counsel fees and all costs of suit.

### FIFTH CLAIM FOR RELIEF

### WRONGFUL DEATH
### CUMBERLAND COUNTY, WARDEN ROBERT BALICKI, FORMER WARDEN ROBERT BALICKI, JOHN DOES CORRECTIONS OFFICERS 1-10, CFG HEALTH SYSTEMS, LLC

49. The allegations set forth in the proceeding paragraphs are incorporated by reference as if fully set forth herein.

50. Defendants owed a duty of reasonable care to the Decedent, and to other inmates at the Cumberland County Jail, to properly screen and vet inmates for suicidal tendencies or other psychological problems, to adequately monitor inmates, and to protect inmates from injury, harm or death while in custody at the Jail.

51. Defendants failed to use the requisite standard of care for vetting, screening, monitoring and supervising inmates while in their custody and control, thereby subjecting the Decedent, Megan Moore, to the violation of her constitutional rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments.

52. The deliberate indifference of the Defendants for Megan Moore's rights caused the death of Megan Moore.

53. As a direct and proximate result of Defendants' negligence, gross negligence, recklessness and breach of obligations and duties owed to the Decedent Megan Moore, the beneficiaries of Megan Moore have sustained pecuniary loss, economic damages and loss, mental anguish, emotional pain and suffering, loss of society, loss of companionship, loss of comfort and loss of counsel.

54. The Complaint in this matter has been timely filed pursuant to the applicable laws of the State of New Jersey.

**WHEREFORE**, the Plaintiffs thereby demand judgment against Defendants for the wrongful death of Megan Moore, for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, post-judgment interest and counsel fees.

### SIXTH CLAIM FOR RELIEF

### SURVIVAL ACTION
### CUMBERLAND COUNTY, WARDEN RICHARD T. SMITH, FORMER WARDEN ROBERT BALICKI, JOHN DOE CORRECTIONS OFFICERS 1-10, CFG HEALTH SYSTEMS, LLC

55. The allegations set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

56. Defendants owed the Decedent Megan Moore a duty to use reasonable care in carrying out the lawful duties associated with and required by the County Jail.

57. Defendants breached their duties when they failed to use reasonable care, were negligent, reckless, and grossly negligent as previously stated herein, thereby directly and proximately causing the death of the Decedent Megan Moore on February 20, 2017.

58. As a direct and proximate result of said breaches of duties, as described above, the Decedent Megan Moore suffered fright and conscious pain and suffering during the time period that she was alive after hanging herself.

59. As a direct and proximate result of the aforesaid breaches of duty by the Defendants, as described above, the Estate of Megan Moore incurred various losses and expenses associated with her death.

60. The Estate of Decedent Megan Moore brings a survivor action pursuant to applicable law against the Defendants for the aforementioned expenses, conscious pain and suffering and fright suffered by the Decedent.

**WHEREFORE,** the Plaintiffs hereby demand judgment against the Defendants for the survival claims of the Decedent for economic and noneconomic damages, compensatory damages, plus costs, prejudgment interest, and post judgment interest and counsel fees.

### SEVENTH CLAIM FOR RELIEF

### NEGLIGENCE
### CUMBERLAND COUNTY, WARDEN RICHARD T. SMITH, FORMER WARDEN ROBERT BALICKI, JOHN DOE CORRECTIONS OFFICERS 1-10, CFG HEALTH SYSTEMS, LLC

61. The allegation set forth in the preceding paragraphs are incorporated by reference as if fully set forth herein.

62. Cumberland County and its Corrections Division failed to properly train and supervise its staff, employees and corrections officers on properly screening and vetting inmates for suicidal tendencies or other psychological and emotional problems, adequately monitoring and guarding inmates at the County Jail, and protecting inmates from injury, harm or death.

63. A direct and proximate result of Cumberland County's negligence, Megan Moore, took her life while in the custody of the Cumberland County Department of Corrections on February 20, 2017.

64. As a direct result of the aforesaid, the Plaintiffs are entitled to an award of compensatory damages against the County in an amount which exceeds $1,000,000.00.

**WHEREFORE,** the Plaintiffs, demand judgment against the Defendant, Cumberland County for damages, counsel fees and all costs of suit.

## JURY DEMAND

The Decedent hereby demands trial by jury.

_____
Conrad J. Benedetto, Esquire
ID No. CB5074
1405 Chews Landing Road - Suite 21
Laurel Springs, NJ 08021
856-500-2727 (Telephone)
Attorney for Decedents