IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE ESTATE OF MEGAN MOORE, *et al.*, | |
| Plaintiff, | Civil No. 17-2839 (RBK/KMW) |
| v. | **OPINION** |
| CUMBERLAND COUNTY, *et al.*, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion for Summary Judgment of Defendant CFG Health Systems, LLC ("CFG" or "Defendant"). (ECF No. 35.) Defendant argues that Plaintiff Megan Moore and her estate ("Plaintiffs") have failed to comply with New Jersey's Affidavit of Merit statute, a prerequisite to her tort claims. We agree, and Defendant's motion is **GRANTED**.

### I. BACKGROUND

Megan Moore committed suicide, by hanging, in the Cumberland County Jail on February 20, 2017. Her estate has named, among others, CFG Health Systems, LLC as a defendant in this action. CFG is a New Jersey corporation that provided health care services to inmates at the Cumberland County Jail. (Compl. at ¶ 12.) Plaintiff's bare-bones complaint—previously found insufficient against another defendant in this case (*see* ECF No. 47)—alleges that Moore's death is attributable to the actions of CFG's agents or employees. But the complaint does not set forth any particularized facts, nor does it identify those employees of CFG who were allegedly

1

negligent. Instead, it states that "representatives of CFG" breached their duty to diligently and faithfully screen Megan Moore for any psychological risks, including her risk of suicide.

Plaintiffs first filed their complaint on April 25, 2017. Three counts of the complaint are relevant to this motion: wrongful death (Count V), a survival action (Count VI), and a negligence claim (Count VII). CFG filed its answer on May 23, 2017. Within the sixty days that followed, Plaintiffs did not submit an Affidavit of Merit ("AOM") establishing the existence of a valid claim, but on September 1, 2017, Plaintiffs did submit one. This was within 120 days of CFG's answer. At no point did Plaintiffs seek leave of Court to submit the AOM.

The AOM was completed by Dr. Lawrence J. Guzzardi. (ECF No. 35-5.) Dr. Guzzardi is a licensed physician in the Commonwealth of Pennsylvania who is currently board certified in medical toxicology. (*Id.*) In the last five years he has testified to the standards of care in correctional medicine and has limited his practice to testimony in emergency medicine, medical toxicology, correctional care, and substance abuse. (*Id.*) The AOM states that he has expertise in problems encountered during drug withdrawal and in the evaluation of potentially suicidal inmates. (*Id.*) Dr. Guzzardi avers there is a reasonable probability that the care, skill, or knowledge exercised or exhibited by CFG through its employees or agents while Moore was at the Cumberland County Jail lead to her death on February 20, 2017. (*Id.*) As with the complaint, the AOM does not indicate the nature of the alleged professional negligence and does not identify CFG's employees.

Defendant's answer, in its "Fifteenth Separate Defense," asserts that Plaintiffs have failed to file an appropriate AOM against CFG itself for its alleged vicarious liability, premised on the acts of nurses not named in the complaint.

## II.     JURISDICTION

This case is before the Court in its federal-question jurisdiction, as Plaintiffs have brought this suit under 42 U.S.C. § 1983. *See* 18 U.S.C. § 1331. The tort claims that are the focus of this motion are before the Court in its supplementary jurisdiction pursuant to 18 U.S.C. § 1367.

## III.    THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A genuine dispute of material fact exists if the evidence is such that a reasonable jury could find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

If the party seeking summary judgment makes this showing, it is left to the nonmoving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Furthermore, "[w]hen opposing summary

3

judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'" *Corliss v. Varner*, 247 F. App'x 353, 354 (3d Cir. 2002).

A failure to file a timely AOM is properly the subject of a motion for summary judgment under Rule 56 because the Court must necessarily consider "matters outside the pleadings" when considering the applicability of the AOM statute and timely filing of the AOM. Although "the AOM Statute directs courts to dismiss actions in which a timely affidavit has not been filed for 'failure to state claim,' because the affidavit is not a pleading requirement, this language merely provides that the consequences of not filing a timely affidavit are the same as failing to state a claim." *Nuveen Mun. Trust v. WithumSmith Brown, P.C.*, 692 F.3d 283, 303 n.13 (3d Cir. 2012).

## IV. DISCUSSION

CFG appears to be a Defendant in this case on a theory of vicarious liability. In such cases, an AOM "is still required when the plaintiff's claim of vicarious liability hinges upon allegations of deviation from professional standards of care by licensed individuals who worked for the named defendant." *McCormick v. State*, 446 N.J. Super. 603, 615 (App. Div. 2016). The parties do not contest that the only CFG employees potentially involved in this matter are nurses.

### A. The Affidavit of Merit Was Timely Filed

New Jersey's AOM Statute was enacted "as part of a tort reform package designed to strike a fair balance between preserving a person's right to sue and controlling nuisance suits." *Nuveen*, 692 F.3d at 290 (quoting *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 579 (3d Cir. 2003)). For any professional malpractice action, the AOM Statute requires a plaintiff, "within 60 days following the date of filing of the answer to the complaint by the defendant provide each defendant with an affidavit . . . The court may grant no more than one additional period, not to exceed 60

4

days, to file the affidavit pursuant to this section, upon a finding of good cause." N.J. Stat. Ann. § 2A:53A-27. These two 60 day periods must run consecutively, and they are not to exceed 120 days total from the date the defendant's answer is filed. *Douglass v. Obade*, 819 A.2d 445, 446 (N.J. Super. Ct. App. Div. 2003) (The "end of the line . . . the drop-dead date, is 120 days"). Plaintiffs submitted an AOM for the tort claims brought against CFG on September 1, 2017, well beyond the 60-day requirement. Plaintiffs also did not seek leave to file after this date, but did file the AOM within 120 days of CFG's answer.

Defendant argues that Plaintiffs' AOM is untimely because Plaintiffs failed to ask the Court for leave to file beyond the first 60-day period. We disagree. First, "the Affidavit of Merit Statute does not include language requiring a plaintiff to seek an extension within sixty days of a defendant's answer." *Burns v. Belafsky*, 166 N.J. 466, 476 (2001). Plaintiffs were not obliged to seek an extension within that period. Furthermore, "an affidavit submitted within the sixty-day extension period should be considered timely filed so long as good cause is found by the trial court." *Burns v. Belafsky*, 166 N.J. 466, 470-71 (2001). Good cause is a low bar: "attorney inadvertence," i.e., an attorney forgetting to do something, is sufficient when "the delay does not prejudice the adverse party" and when it would be improper "to visit the sins of the attorney upon his or her blameless client." *Id.* at 478 (citations and internal marks omitted). For example, the Plaintiffs in *Burns* had in their possession a copy of their doctor's report even before they filed their lawsuit, but apparently forgot to include it in their submissions. *Id.* The court, relying on their attorney's statement that he had inadvertently omitted it, found that the lateness of the submission was for "good cause" and permitted the case to proceed, noting the lack of prejudice. *Id.*

Plaintiffs have, bafflingly, not even attempted to show good cause here. Even after briefing, the Court is left without an explanation for why this happened. We find, however, that "attorney

5

inadvertence" may be inferred and conclude that, under the generous standard set by the New Jersey Supreme Court, Plaintiffs have established "good cause" for purposes of the 60-day extension under the AOM Statute. We note that the delay here did not prejudice Defendant—"it is simply too early in the litigation for that claim to be credible." *Burns*, 166 N.J. at 478. Thus, because the AOM was submitted before the close of the 120-day period on September 20, 2017, we find that it was timely filed. *See also Szemple v. Univ. of Med. & Dentistry of New Jersey*, 162 F. Supp. 3d 423, 429 (D.N.J. 2016) (finding, as a practical matter, that the AOM Statute's "deadline is 120 days, not 60").

### B. Dr. Guzzardi Is Not Qualified to Provide an Affidavit of Merit

Defendant also challenges the qualifications of Dr. Guzzardi to be an affiant under the AOM Statute. Section 26 of the AOM Statute, N.J. Stat. Ann. § 2A:53A-26, enumerates various professions covered by the statute, including, as relevant here, registered professional nurses. To satisfy the Statute, a plaintiff bringing a professional malpractice or negligence claim must

> . . . provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices . . .
>
> In the case of an action for medical malpractice, the person executing the affidavit shall meet the requirements of a person who provides expert testimony or executes an affidavit as set forth in section [N.J. Stat. Ann. § 2A:53A-41 ("section 41")]. In all other cases, the person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years.

N.J. Stat. Ann. § 2A:53A-27.

Defendant's primary argument is that Dr. Guzzardi cannot offer an opinion as to the relevant standard of care because he is not qualified to opine on the standard of care for nurses.

6

Although the basis for the suit against CFG is unclear because of the paucity of the complaint, it appears CFG has been sued under a theory of vicarious liability for the acts of its employee nurses. For liability to attach to CFG, its employees would have to be liable themselves, which would entail analysis of the standard of care for nursing. Thus, Defendant argues, the AOM is deficient because Dr. Guzzardi is not a registered nurse and only registered nurses can opine on the standards of care for nursing. Defendant relies on *Hill International, Inc. v. Board of Education* for this proposition, which found that section 26's treatment of engineers and architects as "distinct professional identities" barred an engineer from providing an AOM against an architect. 438 N.J. Super. 562, 585 (App. Div. 2014). So too, Defendant argues, with doctors and nurses, who also have distinct professional identities under section 26.

The New Jersey Supreme Court has recently clarified the law in this area. In *Meehan*, the court expressly rejected the notion that section 41's "like-qualified" requirements—i.e., that only similarly credentialed professionals may opine on the actions of other professionals—"apply only to physicians in medical malpractice actions." 226 N.J. at 234. For "all other cases," the Court held that "section 27 requires no more than that the person submitting an affidavit of merit be licensed in this state or another and have particular expertise in the general area or specialty involved in the action." *Id.* at 237. "In other words, a person may submit an affidavit of merit if the affiant has particular expertise in the general area involved in the action or in the specialty involved in the action. . . . Such particular expertise may be evidenced by board certification or by devotion of his practice substantially to the general area or specialty involved in the action for at least five years." *Id.* at 238. Applying this standard, *Meehan* concluded that an AOM provided by a licensed dentist with over twenty years of experience in sleep apnea was sufficient in a case against an orthodontist who had treated the plaintiff's sleep apnea. *Id.* at 239. Perfect identity of

7

specialization was not required, provided the areas of expertise overlapped to some degree: the Court noted that "the treatment of sleep apnea is not exclusive to a single dental specialty or subspecialty" and that a "variety of professionals" could treat the disorder. *Id.* As the Court summarized:

> In most instances, we anticipate that the affiant and the professional defendant will be similarly licensed. However, there may be circumstances when the alleged departure from the professional standard of care is within the particular expertise of two licensed professions. In such cases, in assessing the sufficiency of the affidavit of merit, a court must focus . . . on the specific allegations of professional negligence.

*Meehan*, 226 N.J. at 238.

In light of this precedent, the Court rejects Defendant's argument that the mere fact that Dr. Guzzardi is not a registered nurse categorically prevents him from providing an AOM in any case involving a nurse. Such a formalistic argument holds, at essence, that a license imputes knowledge, instead of the other way around—reasoning that *Meehan* appears to have rejected. *Cf. Ferreira v. Rancocas Orthopedic Assocs.*, 178 N.J. 144, 154, 836 A.2d 779, 784-85 (2003) ("The [AOM] statute was not intended to encourage gamesmanship or a slavish adherence to form over substance."). But even so, we agree that Dr. Guzzardi is not qualified as an affiant because he is not an "appropriate licensed person," i.e., he is not someone who "has particular expertise in the general area involved in the action or in the specialty involved in the action." *Meehan*, 226 N.J. at 238. A medical toxicologist does not have any obvious, let alone particular, expertise in evaluating the conduct of nurses during the intake-screening process of a correctional facility. Furthermore, Dr. Guzzardi's experience in medical toxicology appears to be, by his own admission in the AOM, solely confined to expert testimony over the last five years, further undermining the relevance of his expertise to this action. Most problematic, though, is that Plaintiffs' AOM does not even address *who* Dr. Guzzardi purports to review. It merely recites the language of the statute and

provides little else on which to establish a reasonable probability that the care, skill, or knowledge exercised by CFG or its "employees, agents, and/or workman [sic]" was deficient. The New Jersey Supreme Court has cautioned against such blanket statements, noting that "[i]f a plaintiff were permitted to name fifteen defendants and provide each with an affidavit specifying only that a claim against one defendant is meritorious, the statutory purpose of reducing frivolous lawsuits would be subverted or circumvented." *Fink v. Thompson*, 167 N.J. 551, 560 (2001). As such, we find that Plaintiffs have not complied with the AOM Statute.

"The penalty for not following the AOM Statute is severe. Absent a showing of one of four limited exceptions, the failure to file the affidavit 'shall be deemed a failure to state a cause of action.'" *Nuveen*, 692 F.3d at 290-91 (quoting N.J. Stat. Ann. § 2A:53A–29). The four limited exceptions are: (i) where the defendant has failed to provide the plaintiff requested medical information, N.J. Stat. Ann. § 2A:53A-28; (ii) a narrow class of cases where professional negligence can be demonstrated as a matter of "common knowledge," *Hubbard v. Reed*, 774 A.2d 495, 501 (N.J. 2001) (finding that a layperson could find professional negligence absent AOM where dentist pulled the wrong tooth); (iii) where the plaintiff has substantially complied with the affidavit-of-merit requirement, *Cornblatt v. Barow*, 708 A.2d 401, 411-12 (N.J. 1998); or (iv) where the plaintiff can show "extraordinary circumstances" that warrant equitable relief, *Ferreira v. Rancocas Orthopedic Assocs.*, 836 A.2d 779, 782-83 (N.J. 2003). *See also Nuveen*, 692 F.3d at 291 n.3. None of these exceptions apply, nor have they been invoked. The tort claims against CFG are therefore dismissed.

## V. CONCLUSION

Plaintiffs' Affidavit of Merit is insufficient. Defendant's motion for summary judgment is **GRANTED**. An order follows.

Dated: May 7, 2018
s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge