IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| THE ESTATE OF MEGAN MOORE, *et al.*, <br><br> Plaintiff, <br> v. <br><br> CUMBERLAND COUNTY, *et al.*, <br><br> Defendants. | Civil No. 17-2839 (RBK/KMW) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Motion for Reconsideration (Doc. No. 55) filed by the Estate of Megan Moore ("Plaintiff") of this Court's May 7, 2018 Opinion and Order (Doc. Nos. 53 and 54) granting the Motion for Summary Judgment (Doc. No. 35) of CFG Health Systems, LLC ("Defendant"). For the reasons set forth below, Plaintiff's Motion for Reconsideration is **DENIED**.

I.   BACKGROUND AND PROCEDURAL HISTORY

The facts of this case have not changed since this Court's opinion granting Defendant's Motion for Summary Judgment. *See Estate of Megan Moore v. Cumberland Cty.*, Civ. No. 17-2839, 2018 WL 2095593, at *1 (D.N.J. May 7, 2018) (providing a thorough description of all pertinent facts). In brief, Megan Moore committed suicide in prison and her estate claims that her death is directly attributable to the actions of Defendant and its employees. (*Id.*)

The issue before the Court is the sufficiency of Plaintiff's Affidavit of Merit ("AOM"). Plaintiff filed a complaint (Doc. No. 1) on April 25, 2017 to which Defendant submitted an answer (Doc. No. 19) on May 23, 2017. Plaintiff filed an AOM (Doc. No. 33), completed by Dr. Lawrence

1

J. Guzzardi, on September 1, 2017. Defendant filed a Motion for Summary Judgment on the AOM issue on September 25, 2017. In her opposition, Plaintiff asserted, among other things, that there was "a question of fact regarding the proper target of the AOM" and that summary judgment was inappropriate. (Opp'n at 5.) We disagreed: the sufficiency of an AOM is a matter of law. *See Meehan v. Antonellis*, 226 N.J. 216, 228, 141 A.3d 1162, 1169 (2016) ("The submission of an appropriate affidavit of merit is considered an element of the claim . . . Failure to submit an appropriate affidavit ordinarily requires dismissal of the complaint with prejudice."). We found that Plaintiff's AOM was deficient because it did not identify whose professional negligence was relevant to Plaintiff's claims. The Court thus granted Defendant's Motion for Summary Judgment in an opinion and order (Doc. Nos. 53, 54) dated May 7, 2018.

Plaintiff has responded to the Court's order by filling a Motion for Reconsideration (Doc. No. 55), asking this Court to reverse its decision to grant summary judgment based on Plaintiff's failure to comply with the AOM requirements under New Jersey state law.

## II. THE MOTION FOR RECONSIDERATION STANDARD

Motions for reconsideration are filed pursuant to Federal Rule of Civil Procedure 59(e) and are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the court in matters that the party believes the judge has "overlooked." *Carney v. Pennsauken Twp. Police Dep't.*, Civ. No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013); *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. 2008). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, Civ. No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: (1) an intervening change in the controlling law; (2) the availability of new evidence

that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion under Rule 7.1(i) may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. *See, e.g.*, *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration is not a vehicle for raising new arguments.

### III. DISCUSSION

Plaintiff asserts that this Court erred in granting Defendant's Motion for Summary Judgment. Plaintiff advances several arguments in support of her contention that this Court ruled incorrectly. First, Plaintiff argues that the Court was incorrect in finding that Dr. Guzzardi was not qualified as an affiant. Second, Plaintiff asserts that she did, in fact, comply with the statutory requirements for filing an AOM. Finally, Plaintiff argues in the alternative that even if she did not comply with every single requirement for filing an AOM, that she *substantially* complied, which is enough to meet the standard set forth by the New Jersey Supreme Court. While Dr. Guzzardi may be qualified to submit the AOM, a question we need not resolve to decide this matter today, the Court disagrees with Plaintiff's second and third arguments. We address each argument in turn.

#### A. Dr. Guzzardi Is Qualified to Provide an AOM

The AOM statute requires that a plaintiff who sues alleging "malpractice or negligence by a licensed person in his profession or occupation . . . shall . . . provide each defendant" with an AOM by an "appropriate licensed person." N.J. Stat. Ann. § 2A:53A-27. Section 27 "requires no more than that the person submitting an affidavit of merit . . . have particular expertise in the general area or specialty involved in this action." *Meehan v. Antonellis, DMD*, 226 N.J. 216, 237

(2016). *See also Cornblatt v. Barow*, 708 A.2d 401, 411 (N.J. 1998) (holding that the submission of a certificate instead of, or in addition to, the affidavit does not violate the AOM statute).

This Court previously expressed its skepticism that Dr. Guzzardi was qualified; Plaintiff contends that he is. Attached to her Motion for Reconsideration as Exhibit F is a Certification of Dr. Guzzardi. The Certification sets forth Dr. Guzzardi's relevant experience and knowledge about prisons, intake-screening processes, and drug-related psychological problems. Dr. Guzzardi certifies that he has "written a text and prepared a videotape series to train Correctional Officers in the Screening of Inmates for Common Medical Problems" under a grant from the Department of Justice. (Pl. Br. Ex. F.) Additionally, Dr. Guzzardi has inspected correctional institutions for the Department of Justice in several states, and is an expert in "the initial screening of inmates, specifically the evaluation of potentially suicidal inmates and inmates suffering from drug withdrawal . . . ." (*Id.*)

While the information provided by Dr. Guzzardi in the initial AOM alone was insufficient to demonstrate his qualifications, the supplemental facts provided in Plaintiff's Motion for Reconsideration are enough to recognize Dr. Guzzardi as an "appropriate licensed person" in the "general area or specialty involved in the action" to complete an AOM in the case at hand. *See* N.J. Stat. Ann. § 2A:53A-26; *Meehan*, 226 N.J. at 237. It appears from the record that Defendant had access to the certification form in advance of filing its Motion for Summary Judgment. If so, Defendant would not be unduly prejudiced by the lack of explicit qualifications listed in the AOM, as Defendant would have had ready access to the relevant qualifications anyway. But there remains the basis for this Court's skepticism of his qualifications: Dr. Guzzardi's qualifications depend on whose professional negligence he purports to review. And that question remains as uncertain as before.

### B. Plaintiff Failed to Meet the Requirements for Filing an AOM

"[A]n AOM must be submitted addressing an institution's agents who are not sued but whose alleged negligence forms the basis of the action against the institution." *Johnson v. Handler*, No. A-3862-13T3, 2015 WL 10677203, at *6 (N.J. Super. Ct. App. Div. Apr. 15, 2016); *cf. McCormick v. State*, 446 N.J. Super. 603, 613–14 (2016) (finding that an AOM is required when suing a public entity, "regardless of whether the plaintiff chooses to name the negligent professionals as co-defendants"). As this Court noted in its opinion granting Defendant's Motion for Summary Judgment, the AOM's failure to address *who* was negligent is problematic. Plaintiff has sued Defendant, not its employees, but New Jersey law makes clear that it must still produce an AOM showing an appropriate qualified person scrutinized each relevant employee's alleged professional negligence.

The Court noted in its prior opinion that Plaintiff's complaint—no model of clarity or drafting—appeared to be premised on a theory of *respondeat superior*, or vicarious liability, against Defendant for the actions of its employees.[1] But to the extent that there is a negligent supervision claim raised in the complaint, it is subject to the same AOM requirement whenever the cause of action implicates the standards of care within a given profession. *See McCormick*, 446 N.J. Super. at 613–14. For both *respondeat superior* and negligent supervision, the standard of care that will be relevant to the success of such a claim requires identifying a specific party who

---

[1] "[R]epresentatives of CFG, were charged with the duty [sic] diligently and faithfully carry out the functions of their respective jobs . . ." (Compl. at 4); "Representatives of Defendant CFG failed to properly screen Megan Moore for any suicidal tendencies . . ." (*Id.*); and "[I]t is my opinion that there is a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of Megan Moore . . . by CFG Health Systems, LLC, by and through its employees, agents and/or workman [sic] fell outside the professional care and treatment standards for prison inmates." (AOM ¶ 6.)

acted with professional negligence. Under either articulation of employer liability, then, the AOM is deficient, because it does not identify anyone other than the employer.

Plaintiff argues this is a harsh result, but that is the purpose of the statute. The Court is cognizant that the statute should not be construed as a "minefield of hyper-technicalities." *Ryan v. Renny*, 203 N.J. 37, 999 A.2d 427, 435–36 (2010) (internal citations omitted); *see also Szemple v. Univ. of Med. & Dentistry of New Jersey*, 162 F. Supp. 3d 423, 426 (D.N.J. 2016). But Plaintiff has nonetheless flouted the AOM statute's screening purposes. Put simply, a plaintiff must identify who was professionally negligent, and then have an "appropriate licensed person" certify that her claim is meritorious, before she can proceed with a claim of professional negligence. "If a plaintiff were permitted to name fifteen defendants and provide each with an affidavit specifying only that a claim against one defendant is meritorious, the statutory purpose of reducing frivolous lawsuits would be subverted or circumvented." *Fink v. Thompson*, 167 N.J. 551, 560 (2001). Serving fifteen defendants with an AOM that shows a meritorious claim against only one defendant is improper. The plain deduction, then, is that an AOM needs to identify the meritorious claims against each defendant. Here, however, the AOM does not identify *anyone* save for the employer. That is insufficient: the affiant must have some way of knowing whether the claim was meritorious or if he or she was even qualified to opine on the alleged professional negligence. How, indeed, could Dr. Guzzardi certify that a claim of professional negligence is meritorious if he does not even know the professions involved? The affiant needs to state whose professional negligence is at the heart of the lawsuit. That didn't happen here.

## C. Plaintiff Failed to Substantially Comply with the Requirements for Filing an AOM

Plaintiff further contends that, even if this Court were to find that Plaintiff failed to comply with the statutory requirements for filing an AOM as set forth in N.J. Stat. Ann. § 2A:53A-29, that they nonetheless "substantially complied" to the extent deemed permissible by the New Jersey Supreme Court. The doctrine of substantial compliance that Plaintiff argues she has met requires that she demonstrate:

> (1) the lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute.

*Fink*, 167 N.J. at 561 (quoting *Cornblatt*, 708 A.2d at 411). The purpose of the substantial compliance doctrine is to "avoid technical defeats of valid claims." *Zamel v. Port of New York Authority*, 56 N.J. 1, 6 (1970).

Plaintiff contends that even though the AOM she filed did not name any individual or employee of Defendant, it will not prejudice Defendant. Plaintiff argues that by simply receiving the AOM, Defendant was provided fair notice of this and that Defendant would thus be able to properly prepare a defense. The Court rejects this argument. In essence, Plaintiff asks this Court to waive an element of a cause of action. *See* N.J. Stat. Ann. § 2A:53A-29 ("If the plaintiff fails to provide an affidavit . . . it shall be deemed a failure to state a cause of action."). This request has no basis under law or equity; Defendant is entitled to the protections that the New Jersey state legislature, in its deliberative and collective decision-making, deemed appropriate when it determined that the AOM would constitute a necessary part of a professional negligence action. It is not this Court's place to supersede state law with its own notions of what is best. To do otherwise would prejudice Defendant.

Undeterred, Plaintiff argues that the mere act of filing an AOM on time, regardless of its deficiencies, is enough to show that she has taken "a series of steps to comply with the statute." *Fink*, 167 N.J. at 561. Pursuing Plaintiff's logic to its natural ends, one would substantially comply by signing and timely presenting a blank AOM. This formulation of substantial compliance is akin to a runner taking the first step in a marathon and proclaiming that she has substantially completed it. But "substantial" performance in such circumstances at least contemplates being closer to the finish than the starting line. It looks to the "substance" of performance and how much of it was accomplished; omitting the name of the person whose professional negligence allegedly harmed Plaintiff simply circumvents the statute entirely.

Having failed to meet either of the first two prongs of the substantial compliance doctrine, the Court finds that Plaintiff has failed to substantially comply with the AOM statutory requirements. Substantial compliance requires substance; the AOM lacked it.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration is **DENIED**. An order follows.

Dated: July 18, 2018　　　　　　　　　　　　　　　　/s Robert B. Kugler
　　　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge